IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE LOPEZ, et al.,             :
                                  :
    Plaintiffs,                   :    Civil No. 3:21-CV-1819
                                  :
    v.                            :    (CONNER, J.)
                                  :    (MEHALCHICK, M.J.)
JOHN E. WETZEL, *et al.*,          :
                                  :
    Defendants.                   :    Filed via Electronic Case Filing

<u>BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION
IN OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR
APPORTIONMENT OF THE FILING FEE</u>

<u>Procedural History</u>

Plaintiffs, individuals presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on October 26, 2021[1]. <u>See</u> Doc. 1. Named as Defendants are former-Secretaries of Corrections John Wetzel, Jeffery Beard, Martin Horn and the Pennsylvania Department of Corrections. <u>Id</u>. On February 15, 2022, the undersigned counsel entered her appearance[2] on behalf of Defendants. <u>See</u> Doc. 31. Defendants filed a Motion to Dismiss and Brief in Support on February 24, 2022. <u>See</u> Docs. 32-33.

---

[1] As part of their Complaint, Plaintiffs seek class certification pursuant to Fed.R.C.P 23(b)(3) or, alternatively 23(b)1). As of the date of the filing of this brief, Plaintiffs have not filed a motion seeking appointment of counsel and class certification. Once a motion is filed, Defendants will file a response.

[2] Service was previously waived on behalf of Defendants on January 20, 2022. <u>See</u> Doc. 30.

The joint Plaintiffs sought and were granted in forma pauperis status. On October 26, 2021, Plaintiff House filed an Uncertified Motion for Leave to Proceed in forma pauperis. See Doc. 2. On October 26, 2021, Plaintiffs Poplawski, Uderra, Watkins and Stokes each filed an application to proceed in forma pauperis. See Docs. 3-6. On the same date, Plaintiffs Houser, Lopez, Poplawshi, Stokes, Uderra, and Watkins filed a Joint Affidavit in lieu of Account Statements, indicating that Plaintiff Lopes is barred from in forma pauperis ("IFP") under the Prison Litigation Reform Act ("PLRA") and he will be submitting the full filing fee. See Doc. 7.

On October 26, 2021, an Administrative Order directing the Plaintiffs to pay the filing fee or submit a signed Application to Proceed IFP within thirty days or the case would be dismissed. See Doc. 10. On November 11, 2021, Plaintiff Watkins, filed a Motion for Leave to Proceed in forma pauperis as well as a Prison Trust Fund Account Statement. See Docs. 13-14. On November 12, 2021, Plaintiff Stokes, filed a Motion for Leave to Proceed in forma pauperis as well as a Prison Trust Fund Account Statement. See Docs. 13-14See Docs. 16-17. On November 12, 2021, Plaintiff Houser filed a Prisoner Trust Fund Account Statement and on November 23, 2021 he filed a Motion for Leave to Proceed in forma pauperis. See Docs. 15, 23. On November 15, 2021, Plaintiffs Poplawski and Uderra filed Motions for Leave to Proceed in forma pauperis and Prison Trust Fund Account Statements. See Docs. 18-21.

On November 17, 2021, Plaintiff Lopez paid the filing fee of $402.00 and the Complaint was deemed Filed. See Doc. 22. On December 21, 2021, the Court

entered an Order granting Plaintiff's Application to proceed in forma pauperis and directed the Plaintiffs are to pay the full filing fee of $350.00 based on the financial information provided. See Doc. 24.  On January 3, 2022, Plaintiffs filed a Joint Motion for Apportionment of the Filing Fee asking that the $402 filing fee paid by Plaintiff Lopez be apportioned equally between all litigants. See Doc. 26.

Statement of Alleged Facts

Plaintiffs have all alleged they were held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. See Doc. 1 at ¶¶22-64. All of the Plaintiffs contend they suffer from a variety of medical and mental health disorders. Id. at ¶¶ 90-144. Plaintiffs each aver that as a result of their medical and mental disorders in combination with the harsh conditions caused them to experience significant physical pain and exasperated medical and mental issues. Id

Plaintiffs contend that the harsh conditions endured in solitary confinement lasted until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU ("Capital Case Unit"). Id at ¶ 65.

Plaintiffs make three discrete claims based upon their long-term confinement in the "CCU". First, Plaintiffs allege that their prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. Id. at ¶¶ 167-181. Second, Plaintiffs contend that their prolonged solitary confinement violated the Fourteenth Amendment. Id. at ¶¶ 182-

191. Finally, Plaintiffs contend their prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. Id. at ¶¶ 192-209.

Statement of Questions Presented[3]

1.    Should this Court deny Plaintiffs' Joint Motion for Apportionment of the Filing Fee?

Argument

1.    This Court should deny Plaintiffs' Joint Motion for Apportionment of the Filing Fee.

Plaintiffs' Joint Motion for Apportionment of the Filing Fee should be denied. Plaintiffs' argument that the $402 filing fee, paid by Plaintiff Lopez, should be apportioned equally between all litigations pursuant to 28 U.S.C. § 1915(b)(3) is misplaced pursuant to Hogan v. Rogers, 570 F.3d 146 (3d. Cir. 2009).

In Hogan v. Rogers, the Third Circuit examined the interplay between F.R.C.P. 20 and the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b) and 1915(g). Specifically, the Third Circuit analyzed whether the requirement that a prisoner pay the full amount of a filing fee in Section 1915(b) of the PLRA implicitly overruled the guidance provided by F.R.C.P. 20 regarding the permissive joinder of parties in the inmate litigation context. Id. at 153. This apparent conflict arises because Section 1915(b)(3) protects prisoner litigants from paying filing fees that "exceed the amount...permitted by statute for the commencement of a civil action." Id.

---

[3] All questions presented are respectfully requested to be answered in the affirmative.

As part of their discussion, the Third Circuit reviewed outcomes in the Sixth, Seventh and Eleventh Circuits for guidance as to how this issue had been resolved elsewhere. Id. at 154. Ultimately, the Third Circuit chose to follow the Seventh Circuit. The Court of Appeals for the Seventh Circuit considered this issue in Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004): specifically, whether the joinder of claims and parties in the context of prisoner litigation could undermine Section 1915 of the PLRA if prisoners were permitted to split fees or avoid strikes. Id. at 854. In so doing, the Seventh Circuit held that, while the PLRA did not preempt joinder, Section 1915(b)(1) did affect the collection of fees for IFP prisoner litigants such that each prisoner must pay the full individual fee. Id. at 855-856.

The Third Circuit found the Seventh Circuit's reasoning to be "compelling." Hagan, 570 F.3d at 154. The Third Circuit held that:

> The plain language of Section 1915(b)(1) can be read in complete harmony with Rule 20 by requiring each joined prisoner to pay the full individual fee. As the Seventh Circuit reasoned, taking "Section 1915(b)(1) at face value," the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA. Boriboune, 391 F.3d at 856.

Hagan, 570 F.3d at 155.

Because the Third Circuit has previously held that multiple prisoner litigants proceeding under the requirements of the PLRA while also joined under F.R.C.P. 20 should be required to each individually satisfy the filing fee, this Court should deny Plaintiffs' Joint Motion for Appropriation of the Filing Fee.

<u>Conclusion</u>

Defendants respectfully request that this Court deny Plaintiffs' Joint Motion for Apportionment of the Filing Fee and direct that each Plaintiff individually satisfy the filing fee, pursuant to its December 21, 2021 Order, which is consistent with Third Circuit precedent.

Respectfully submitted,
Office of General Counsel

By:    /s/ Kim Adams
Kim Adams
Assistant Counsel
Attorney I.D. No. PA 205848
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763
Fax No.: (717) 728-0307
Email: kimbadams@pa.gov

Dated:  March 8, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GEORGE IVAN LOPEZ, et al., | : | Honorable Christopher C. Connor |
|---|---|---|
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 3:21-CV-1819 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served upon George Lopez (CZ3198), Darien Houser (GC7509), Gerald Watkins (DD5212), Jose Uderra (CC3832), Ralph Stokes (AY9034) and Richard Poplawski (KB7354) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

            /s/ Linda Fantom
            Linda Fantom
            Legal Office Administrator I
            Pennsylvania Department of Corrections
            Office of Chief Counsel
            1920 Technology Parkway
            Mechanicsburg, PA  17050
            (717) 728-7763

Dated:  March 8, 2022