FILED
HARRISBURG, PA

SFP 0 2 2022

PER

DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George Ivan Lopez *et al.*, | ✧ | No. 21-CV-1819 |
| Plaintiffs, | ✧ | (Hon. Christopher C. Conner, J.) |
| v. | ✧ | (Hon. Karoline Mehalchick, C.M.J.) |
| John E. Wetzel *et al.*, | ✧ | |
| Defendants. | ✧ | § 1983 Civil Rights |

## Memorandum of Law
### in Support of Joint Motion to Stay Consideration of Defendants' Objections

*Since the defendants have cherry-picked this case—alone, among dozens of similar cases—to test their immunity defense, should the plaintiffs be given the benefit of counsel in responding to the defendants' objections?*

Instead of taking on the professionals, the DOC's Office of General Counsel is trying to bully a small squad of mentally damaged, bald-head convicts. Yet they're *still* down big in the first quarter.

There are dozens of these cases. This Court has previously asked for status updates about how the litigation is progressing in the Eastern District. Here's what's really happening over there: nothing. This is the hottest docket of them all. That's the defendants' strategy.

The Eastern District, *sua sponte*, appointed counsel for their designated lead case, *Busanet v. Wetzel*, #21-4286. Whenever another litigant asks for counsel, they're told:

> "Given the consolidation of these actions with [*Busanet*], and the appointment of the Institutional Law Project in that case, the Court expects that common legal issues affecting all the cases will in the first instance be thoroughly considered in that action."
>
> *Staton v. Wetzel*, #21-5016, Doc. 21 (7/29/22).

But the defendants are not playing ball according to the Honorable Austin McHugh's expectations. Instead, they've decided to litigate the "common legal issues" right here—against amateurs. Nobody else has seen a motion to dismiss.

Frankly, it reeks of bad faith and chicken. They pinned us down for decades until we nearly went insane, now they're trying to take advantage of the (perceived) path of least resistance?

This Court should call a time-out. It should hear our arguments for appointment of counsel—then hear from actual expert advocates—before making a decision about a complex immunity defense that will dispositively affect the cases of 50 other plaintiffs.

Respectfully submitted,

**Richard A. Poplawski**
SCI Phoenix, #KB7354
1200 Mokychic Drive
Collegeville, PA 19426

Date 8/28/22

---

**Certificate of Service**

I hereby certify that I have served a copy of the attached *Joint Motion for Stay*, **and** the accompanying *Memorandum of Law in Support* on counsel for the defendants by first-class U.S. Mail (postage prepaid) on the date indicated above:

**Kimberly Adams, Esq.**
PADOC Ofc. of General Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050

Name: _Poplawski_

Number: _KB7354_

Box 244

Collegeville, PA 19426-0244

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
06/29/2022
US POSTAGE $000.57⁹

ZIP 19426
041M12352211

Clerk
U.S. Dist. Ct for M.D. Pa.
     228 Walnut St
P.O. Box 983
     Harrisburg PA 17108

RECEIVED
HARRISBURG, PA

SEP 02 2022

PER _____
       DEPUTY CLERK

Legal

17108$0983 B011