FILED
HARRISBURG, PA

OCT 31 2023

DEPUTY CLERK

In the
**United States District Court
for the Middle District of Pennsylvania**

| | |
|---|---|
| **George Lopez** et al., : | No. 21-cv-1819 |
| Plaintiffs, : | (Hon. Karoline Mehalchick, M.J.) |
| v. : | (Hon. Christopher Conner, D.J.) |
| **John Wetzel** et al., : | |
| Defendants. : | § 1983 Civil Action |

# Plantiffs' Reply
## to Defendants' Opposition Brief
### regarding Renewed Motion for Appointment of Counsel

A foundational tenet of the American legal system is that the truth is best gotten at—i.e., justice is best served—by the adversarial engagement of parties, each of whom are trained for and proficient at such an exercise. That's the plaintiffs' understanding, anyway. Perhaps it is an ideal much too lofty to be realized in every case. In practice, the death-condemned plaintiffs observe, justice is distributed according to strictly pragmatic considerations. *Inconvenient* requests, such as what is before the Court, are hard to sell, even if the weight of facts and law be on their side.

In a private dispute, nobody expects opponent parties to care much about Truth or Justice, Right or Wrong. To be *liable* or not: that is the paramount question. But the Pennsylvania Department of Corrections is not a private entity; it is, rather, an agency of the executive branch and of the Commonwealth itself. Thus, we

1

citizens might hope that justice would enter the equation somewhere.

In other words: if Right mattered more than liability for wrongdoing, the defendants would not so fervently oppose the plaintiffs' attempts to secure their best chance at determining the truth. Instead, the Commonwealth wants the best chance at winning; they want to litigate against amateurs—amateurs whose mental faculties are strongly inhibited by damage wrought by the defendants themselves; a squad of amateurs whose lead man is blind and battling cancer.

Beyond merely opposing the request for professional assistance, defendants shamefully attempt to paint the plaintiffs as disingenuous. As if Plaintiff Lopez would be so bold and ignoble as to fabricate his loss of vision. As if the defendants don't have access to files (beyond what Lopez has, and has been presented to this Court) that belie their own assertions in rebuttal.

AND SO, COMES NOW, the plaintiffs, to reply to the defendants' brief in opposition to the plaintiffs' renewed request for appointment of counsel. May it please the Court:

To start, Plaintiff Lopez is, indeed, now legally blind. *See* exhibit A, Declaration of George Lopez. And he does, indeed, have glaucoma. *See* ex. B, Grievance Response, 6/7/23. The defendants know this. Instead, they've chosen to point to the dated records of a degenerative condition. Counsel for the

defendants, in good faith, could easily have checked the latest numbers. Plaintiffs respectfully challenge counsel for the defendants to provide documentary evidence that Lopez, in his lastest declaration (ex. A), is lying to the Court.

Second, as it regards the *Tabron* factor related to discovery, the defendants point to a letter demonstrating that Plaintiff Richard Poplawski knows how to read the Local Rules for the Middle District. As if that somehow obliterates the multitiude of obstacles faced by incarcerated persons trying to obtain discovery from their reluctant custodians. For example, see exhibit C. In informal communications, counsel for the defendants has assured the plaintiffs that she would help facilitate discovery. In practice, however, personnel at SCI Phoenix wait months to respond to requests that are marked "time sensitive" with the docket number to this case. Meanwhile, in the Eastern District, the Pa. Institutional Law Project (appointed counsel for the lead case, *Busanet*) is conducting discovery and sharing it with the dozens of plaintiffs in consolidated cases.

That brings up the final point, something the defendants avoid discussing in their papers and this Court did not address in its previous memoranda: the defendants' litigation strategy has been to secure a broad judgment in this case to wield against a global class of plaintiffs in identical cases. That is, there's more at stake in this case than merely these plaintiffs' interests. So, to the

extent that any civil action is a search for truth, and to the extent that truth is important, and insofar as having professional assistance gives the best chance at determining that truth, appointment of counsel is justified here.

**WHEREFORE**, plaintiffs respectfully implore this Court to reconsider its prior decision and request counsel.

Respectfully submitted,

**George Lopez**
SCI Phoenix, #CZ3198
1200 Mokychic Drive
Collegeville, PA 19426

**Richard A. Poplawski**
SCI Phoenix, #KB7354
1200 Mokychic Drive
Collegeville, PA 19426

Date: Tuesday, October 24, 2023

---

**Certificate of Timely Filing**

We certify, under 28 U.S.C. § 1746, that we *not* been served with the defendants' opposition brief. Rather, we have been working from a copy that was served (via the DOC's third-party mail-processing contractor) to our co-plaintiff, Gerald Watkins, on October 17, 2023.

We certify that we are timely filing this reply by means of placing it in the prison mail receptacle (First-class U.S. Mail, postage prepaid) on the date indicated above.

---

**Certificate of Service**

We certify that we have served a copy of this brief on counsel for the defendants, via first-class U.S. Mail (prepaid), at the following address:
Kim Adams, Esq., PADOC Office of General Counsel, 1920 Technology Parkway, Mechanicsburg, PA 17050

George Lopez, CZ-3198
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

In Re: 3:21-cv-1819

RECEIVED
HARRISBURG, PA
OCT 31 2023
PER _____ DEPUTY CLERK

Legal and Confidential mail

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

neopost  FIRST-C
10/25/2023
US POSTAGE $001
ZIP 041M1

To: U.S. District Court of
Middle District of Penn
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 1710